U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG 11 2023

CLERK, U.S. DISTRICT COURT
By _____
          Deputy

PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

MARK DEWAYNE HALLCY #2149848
Plaintiff's Name and ID Number

DIBOLL CORRECTIONAL CENTER
Place of Confinement

HALE COUNTY, TEXAS
HALE COUNTY Comm'rs (all in their official and individual capacities)
v. 500 BROADWAY St. Rm.240 Plainview, Texas, 79072-8050
HALE COUNTY SHERIFF DAVID MULL (in his official and individual capacities)
1900 S. Columbia, Plainview Texas 79072-8050
Defendant's Name and Address

HALE COUNTY DISTRICT ATTORNEY WALLY HATCH (in his official and individual capacities)
225 Broadway St., Plainview Texas, 79072-8050
Defendant's Name and Address

HALE COUNTY 64th DISTRICT COURT JUDGE ROBERT KINKAID JR. (in his official and individual capacities)
225 Broadway St. Ste.5 Plainview, Texas 79072-8050
Defendant's Name and Address
( DO NOT USE "ET AL.")

CASE NO.
(Clerk will assign the number)

5-23CV-177-H

---

INSTRUCTIONS - READ CAREFULLY

NOTICE:

Your complaint is subject to dismissal unless it conforms to these instructions and this form.

1.   To start an action you must file an original and one copy of your complaint with the court.  You should keep a copy of the complaint for your own records.

2.   Your complaint must be legibly handwritten, in ink, or typewritten.  You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct.  If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.**  ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3.   You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure.  Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4.   When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred.  If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

1

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1.  In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of **$400.00**.

2.  If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3.  The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4.  If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I.  PREVIOUS LAWSUITS:

   A.  Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? $\checkmark$ YES ___NO

   B.  If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

   1.  Approximate date of filing lawsuit: April 13th, 2018

   2.  Parties to previous lawsuit:
       Plaintiff(s) Mark Dewayne Halley
       Defendant(s) Ken Paxton, et al.,

   3.  Court: (If federal, name the district; if state, name the county.) Northern District of Texas

   4.  Cause number: 5:18 - CV - 101 - BQ

   5.  Name of judge to whom case was assigned: D. Gordon Bryant Jr.

   6.  Disposition: (Was the case dismissed, appealed, still pending?) dismissed with prejudice because plaintiff did not claim harm was caused by official policy as un constitutional.

   7.  Approximate date of disposition: October 2nd, 2018 / November 28th, 2018

Rev. 05/15

II.    PLACE OF PRESENT CONFINEMENT: DIBOLL CORRECTIONAL CENTER

III.    EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?    ___ YES  ✓ NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.
SEE Attached page titled "Basis for § 1983 claim, on page 6.

IV.    PARTIES TO THIS SUIT:

A.  Name and address of plaintiff: Mark Dewayne Halley, DIBOLL CORRECTIONAL CENTER, 1604 S. FIRST ST., DIBOLL TEXAS, 75941

B.  Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: Wally Hatch, District Attorney, Hale County Justice Center, 225 Broadway St. Plainview TEXAS 79072-8050

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you. Neglected to supervise the A.D.A. in not implementing any of art. 17.15's factors after art. 17.151 has been invoked, prior to bond hearing.

Defendant #2: Danah Zirpoli, Assistant District Attorney, Hale County Justice Center, 225 Broadway St. Plainview TEXAS 79072-8050

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you. Implemented art. 17.15 (3)(f) factor being fully aware that §2, (1-4) safeguards are the only exceptions to deny art. 17.151 relief prior to the bond hearing.

Defendant #3: Jerry Mathews, Hale County Court appointed Attorney, 300 W. Bedford Dimmit TEXAS 79027

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you. Neglected to initiate the §2, (1-4) safeguards as untriggered to avert art. 17.15 (3)(f) factor from being implemented after art. 17.151 had already been invoked, during bond hearing.

Defendant #4: Robert Kinkaid Jr., 64ᵗʰ District Court judge, Hale County Justice Center, 225 Broadway St. Ste. 5 Plainview TEXAS, 79072-8050

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you. Neglected to control A.D.A. from implementing art. 17.15 (3)(f) factor after art. 17.151 had already been invoked, during bond hearing.

Defendant #5: Robert Kinkaid Jr., 64ᵗʰ District Court judge, Hale County Justice Center, 225 Broadway St. Ste. 5 Plainview TEXAS, 79072-8050

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you. Promulgated art. 17.15 (3)(f) factor subserviently as official policy in his final decision to deny the relief requested from art. 17.151 provision after being invoked, during bond hearing.

3

Rev. 05/15

V.    STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

SEE Attached page title Statement of Claim on page 7.

VI.    RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

SEE Attached page titled Relief Sought on page 19.

VII.    GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.
   NONE

B. List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.
   769746, 1972847 / S.I.D. No. 4378243

VIII.    SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed?    ____YES  ✓ NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that imposed sanctions (if federal, give the district and division):_____

   2. Case number:_____

   3. Approximate date sanctions were imposed:_____

   4. Have the sanctions been lifted or otherwise satisfied?    ____YES ____NO

Rev. 05/15

C. Has any court ever warned or notified you that sanctions could be imposed?    ✓ YES ___ NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that issued warning (if federal, give the district and division): NORTHERN DISTRICT LUBBOCK DIVISION

   2. Case number: 5:18-CV-00180-H

   3. Approximate date warning was issued: MAY 4th, 2020

Executed on: 8-7-2023
           _____
              DATE

Mark Dewayne Halley
        #2149848
_____
(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.

2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.

3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.

4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.

5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this ___8th___ day of __August__, 20 _23_.
              (Day)              (month)         (year)

Mark Dewayne Halley
        #2149848
_____
(Signature of Plaintiff)

**WARNING:** Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.

Rev. 05/15

<u>Basis for the 42 U.S.C. § 1983 claim</u>
* On January 1st, 1966 Hale County, Texas (citizens) adopted the official policies of Texas Code of Criminal Procedures as their own to be enforced and promulgated by elected officials to administer justice against defendants in the State of Texas.
- <u>Tex. C.C.P. article 17.15. Rules For Fixing Amount Of Bail</u>
    <u>3.</u> The nature of the offense and the circumstances under which it was committed are to be considered. (f) prior criminal record
- <u>Tex. C.C.P. article 17.151. Release Because Of Delay</u>
    <u>Sec. 1.</u> A defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail required, if the State is not ready for trial of the criminal action for which he is being detained within: (1) 90 days from the commencement of his detention if he is accused of a felony.
    <u>Sec. 2.</u> The provisions of this article do not apply to defendant who is: (1) serving a sentence of imprisonment for another offense while the defendant is serving that sentence. (2) being detained pending trial of another accusation against the defendant as to which the applicable period has not yet elapsed. (3) incompetent to stand trial. (4) being detained for a violation of the condition of a previous release related to the safety to the victim.

In 2013, the Texas Court of Criminal Appeals having final decisions on criminal matters held that "Texas Legislature intended art. 17.151 to operate in conjunction with, not subservient to, art. 17.15's rules as long as the judge's decision-making process results in the accused's release." "We are troubled that a judge may order the indefinite detention of an uncharged accused on an offense the State is not ready to bring to trial on the basis of his criminal history, the nature of the alleged offense, or that he might present a danger to the victim or the community." It apparently troubled the Legislature as well. Article 17.151 was the remedy. In failing to comply with Article 17.151 and order Appellant's release on a personal bond or reduce Appellant's bail to an amount they can make, the judge

(6)

Abused his discretion. Ex parte Gill, 413 S.W.3d 425, 480-433 (Tex. Crim. App. 2013).

## Exhaustion OF Grievance Procedures
• 42 U.S.C.S. § 1997e(e) has no application to the plaintiff's case which was clearly not a federal civil cause of action under § 1983 when it was brought to the Northern District of Texas (Lubbock Division) as a § 2254 petition filed July 25th, 2018 under U.S.D.C. civil No. 5:18-CV-180, that was exhausted in the TCCA (state court) timely filed under case No. A20335-1612 W1, WR-87,560-2 on May 18th, 2018 unrelated to prison conditions and based solely on art. 17.151 provision as a state-law claim. See Mitchell v. Brown, 294 F.3d 1309 (11th Cir. 2002) (42 U.S.C.S. § 1997e(e) has no application to the plaintiff's case, which was not a federal civil action when it was brought - it was filed in state court unrelated to prison conditions and was based solely on state law.)

## Federal Cause OF Action Accrued
• On December 29th, 2021 the Fifth Circuit Court justice (Haynes) granted the plaintiff's 2nd supplemental motion under civil No. 21-10460, U.S.D.C. No. 5:18-CV-180 that was filed timely on July 25th, 2018, September 16th 2021, demonstrating that Tex. C.C.P. article 17.151 provision is a state law that give rise to bail and its liberty interest is protected under Const. Law § 525(2) which the plaintiff contends constitute a federal cause of action accrues under 42 U.S.C. § 1983 and is within the 2 year statute of limitation in accordance with Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) for this district court to entertain the plaintiff's § 1983 claim having jurisdiction under 28 U.S.C. § 1331.

## Statement of the § 1983 claim
• An arrest warrant was issued on the plaintiff for aggravated assault with a deadly weapon on September 14th, 2016. Soon after the plaintiff turned himself into authorities at the Hale County jail

(7)

without incident and arraigned on a $50,000⁰⁰ bond with conditions imposed to protect the alleged victim under CAUSE NO. A20385-1612.

The plaintiff remained in the custody at the Hale Co. jail under the jurisdiction of Sheriff David Mull unable to post the $50,000⁰⁰ bond and on December 15ᵗʰ, 2016 the plaintiff requested that appointed counsel Jerry Mathews, via phone, filed a motion for bond reduction to seek relief from art. 17.151 provision, which counsel agreed to do so because December 12ᵗʰ, 2016 was the 90ᵗʰ day without the grand jury returning an indictment on the agg. assault w/dw offense and had met twice within such time.

The 64ᵗʰ District Court judge (R. Kinkaid Jr.) did not acknowledge the plaintiff's motion for bond reduction filed on Dec. 15ᵗʰ, 2016 equally to acknowledging the A.P.A. (Dunah Zipoll) motion filed on the 4ᵗʰ of January 2017 and setting a hearing on Jan. 10ᵗʰ, 2017 with the intentions to request the $30,000⁰⁰ bond set by the 64ᵗʰ Dist. Ct. judge after being indicted on the agg. assault w/dw under cause no. A20335-1612 to be increased back to $50,000⁰⁰ without the plaintiff being released from Hale Co. jail by posting the $30,000⁰⁰ bond required to a 2ⁿᵈ degree felony prior to the State filing its motion to increase bond. The plaintiff's motion for bond reduction filed Dec. 15ᵗʰ, 2016 was acknowledged by the 64ᵗʰ Dist. Ct. judge being filed on such date during the beginning of the hearing and junctioned it with the State's motion to increase bond, but insisted the court reporter redacted the action to the plaintiff's motion removed from the record or ever being filed on Dec. 15ᵗʰ, 2016.

During the bond hearing held on Jan. 10ᵗʰ, 2017, it was related to the 64ᵗʰ Dist. Ct. judge that the plaintiff had been detained in the custody of Hale Co. jail a 107 days without being indicted invokes article 17.151 provision. The plaintiff requested the $30,000⁰⁰ bond be reduced to $10,000⁰⁰ as a possibility to make or a P.R. bond if not possible because the family was financially unable to help in posting the $30,000 bond, which was mandatory for the 64ᵗʰ Dist. Ct. to follow. After article 17.151 was invoked and relief requested from its provision, A.P.A. implemented article 17.15 §3(f) factor (prior criminal history:

(8)

failure to I.D. / evading detention with vehicle), which was not a sufficient exception under §2,(1-4) safeguards that can be applied to deny art. 17.151 relief requested after being invoked. It was a "Must" that the initiation of §2,(1-4) safeguards be comported too as con-comitants to effectuate the plaintiff's release after art.17.151 was invoked because the State could not or did not present any evidence that the plaintiff had triggered §2,(1) not serving a sentence of a felony or misd. offense at the time of the hearing; §2,(2) being detained on the only criminal act and single episode of the pending charge for agg. assault w/d/w under cause no. A20335-1612 which allegedly occurred on Sept. 14th, 2016; §2,(3) incompetent to stand trial was not part of the plaintiff's defense; §2,(4) the 64th Dist. Ct. judge did not condude in his final judgment ruling a finding of a violation of an imposed condition attached to cause no. A20335-1612 related to the alleged victim or community, therefore, the plaintiff was entitled too the relief requested from art. 17.151 provision after being invoked.

The 64th Dist. Ct. judge promulgated art. 17.15(3)(f) factor as subservient to deny the plaintiff request for the $20,000°° bond be reduced to $10,000°° as a decision on such findings implemented by the A.D.A. after art. 17.151 had been invoked and not on the basis of a finding of a triggered safeguard under §2,(1-4) had been violated to deny the relief requested by the plaintiff.

Although the 64th Dist. Ct. judge decision to promulgate art. 17.15 (3)(f) factor as subservient to deny the relief requested from art. 17.151 provision after being invoked could have been interlocutory appealed pursuant to art. 11.04 immediately to the TCCA as a post-deprivation remedy, it was not impossible for the Hale County final policy-makers to provide the pre-deprivation procedural due process because the official policy of Article 17.15(3)(f) factor promulgated as subservient to deny the relief requested by the plaintiff from art. 17.151 provision after being invoked was predictable and foreseeable as unauthorized by precedent of clearly established state law and could have been avoided by initiating the discovery of the untriggered §2,(1-4) safeguards that entitled the plaintiff the relief requested.

Hale County District Attorney OFFICE officials

TEX. C.C.P. article 1.07. Right to bail

All prisoners shall be bailable unless for capital offenses when the proof is evident. This provision shall not be so construed as to prevent bail after indictment found under examination of the evidence, in such manner as may be prescribed by law.

TEX. C.C.P. article 2.01 Duties of District Attorneys

When any criminal proceeding is had before a judge upon habeas corpus, he or she shall represent the State therein, and shall be the primary duty of all prosecuting Attorneys is to see that justice is done in establishing the innocence of the accused.

TEX. C.C.P. article 2.03. Neglect of Duty

(b) It is the duty of the attorney representing the State to conduct themselves as to insure a fair trial for both the State and the defendant, not impair the presumption of innocence

Assistant District Attorney: Danah Zirpoli

Texas Rule of Professional Conduct

Rule 5.05 Unauthorized Practice of Law

A lawyer shall not: (a) practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction.

(3) Rule 5.05 does not attempt to define what constitutes the unauthorized practice of law but leaves the definition to judicial development.

Texas Disciplinary Rules of Professional Conduct

Rule 8.04 Misconduct

(a) A lawyer shall not: (12) Violate any other laws of this State relating to the professional conduct of lawyers and the practice of law.

• The plaintiff asserts that the A.D.A. was well aware of §2, (1-4) safeguards as the only sufficient exceptions to be applied in denying art. 17.151 relief prior to the bond hearing being held on Jan. 10th, 2017 by filing a second count of agg. assault w/dw under cause no. A20331-1612 on Dec. 15th, 2016 (day the motion

for bond reduction was filed by appt. counsel Mathews) arising from the same criminal act that the plaintiff was arrested for under cause No. A20335-1612 without the plaintiff being arraigned on the second count And dismissed on Jan. 18th, 2017. The plaintiff contends the second count filed was to be presented by the A.D.A. As an exception that triggered §2,(2) safeguard arguing the elapse time of the 90 day commencement of detainment restarted on Dec. 15th, 2016 and be considered to deny art. 17.151 relief, which would have been irrelevant because the second count act arose from the same identical act committed against the alleged victim from the first court filed Sept. 14th, 2016 and it is the 90 day commencement of detainment from arrest that entitled the plaintiff the pre-trial release from art. 17.151 provision which had already occurred As of Sept. 14th, 2016 to Dec. 13th, 2016 unable to post the "$50,000" bond. Therefore, the A.D.A. conduct during the bond hearing by intentionally implementing the official policy of art. 17.15 (3)(f) factor which was unauthorized after art. 17.151 provision had been invoked and relief requested from its provision to being promulgated in the decision to consider as subservient against the plaintiff to deny the relief requested being fully aware of §2,(1-4) safeguards As the only applicable exceptions to deny Art. 17.151 relief prior to the bond hearing constitute misconduct consistent with clearly established state law.

District Attorney: Wally Hatch
Texas Rule of Professional Conduct
Rule 5.02. Responsibility of a Supervised lawyer
     The fact that a lawyer acted at the direction or order of another person may be relevant in determining whether the lawyer has the knowledge required to render the conduct a violation of these rules. The fact of supervision may also be a circumstance to be considered by a court for violation of a rule.
● The plaintiff asserts that the D.A. callously disregarded his duty by neglecting to supervise A.D.A. that art. 17.15's rules are not subservient to art. 17.151 provision After being

invoked prior to the bond hearing held on Jan. 10th, 2017 specifically to the finding of the D.A. not knowing or knew that the highest court in criminal matter (TCCA) had held in 2013 that art. 17.15's rules are to be used only in conjunction with art. 17.151, not subservient to, with the judge's decision to effectuate the accused release. The D.A. was well aware of the plaintiff seeking relief from art. 17.151 provision being placed on notice from the Court of Appeals (Amarillo Division) per curium opinion issued on Dec. 30th, 2016 concerning the plaintiff's premature writ of habeas corpus filed November 1st, 2016 being denied for want of jurisdiction which was sent by fax to the district clerk Carla Cannon, judge R. Kinkaid Jr., D.A. Wally Hatch, and appt. counsel J. Mathew's prior to the bond hearing held on Jan. 10th, 2017. The P.A. was indifferent to the A.D.A. intentionally implementing art. 17.15 (3)(f) factor to being promulgated as subservient to art. 17.151 after being invoked during the bond hearing being fully aware the A.D.A. had filed a second count of agg. assault w/dw under cause No. A20331-1612 on Dec. 15th, 2016 with the intent to restart the elapsed period of 90 days to litigate that §2, (2) safeguard had been triggered as well as apposing the A.D.A. objective in filing the motion to increase bond on Jan. 4th, 2017 to present the prior convictions would be in relation to the probability of art. 17.151 being invoked aware the plaintiff was seeking relief from its provision prior to the bond hearing. The D.A neglecting to supervise A.D.A. prior to the bond hearing resulted to the 64th Dist. Ct. judge promulgating art. 17.15 (3)(f) factor as subservient in the decision to deny the relief the plaintiff had requested from art. 17.151 provision after being invoked. D.A. Hatch knew or should have known that it is a breach of his duty in failing to supervise A.D.A. prior to the bond hearing and is responsible for A.D.A. misconduct by intentionally implementing the unauthorized use of art. 17.15 (3)(f) factor as subservient against the plaintiff after art. 17.151 had been invoked as official policy, that's not considered random, having final policy-making authority in Hale County, Texas constituting municipality liability under 42

(12)

U.S.C. § 1983.

Texas Code of Judicial Conduct: Canon 3

D. Disciplinary Responsibility

(1) A judge having knowledge that a lawyer has committed a violation of the Texas Disciplinary Rules of Professional Conduct that raises a substantial question as to the lawyer's honesty, trustworthiness or fitness as a lawyer in other respect shall inform the office of the General Counsel of the State Bar of Texas or take other appropriate action.

Hale County 64th District Courts officials

Tex. C.C.P. article 26.04. Procedures For Appt. Counsel

(1) The judges of the district courts trying criminal cases in each county to appointed counsel for indigent defendants in the county; (5) ensure that each attorney appointed from public appointment list to represent an indigent defendant perform the attorney's duty owed to the defendant in accordance with the adopted procedures.

Tex. C.C.P. article 1.051. Right to Representation By Counsel

(a) The right to be represented by counsel includes the right to consult in private with counsel sufficiently in advance of a proceeding to allow adequate preparation for the proceeding.

Tex. C.C.P. article 2.03. Neglect of Duty

(b) It is the duty of the trial court, the attorney representing the accused to conduct themselves as to insure a fair trial for both the State and the defendant, not impair the presumption of innocence.

Appt. Counsel: Jerry Mathews

Tex. R. Prof. Conduct. Rule 1.01. Competent and Diligent Representation

(a) A lawyer shall not accept or continued employment in a legal matter which the lawyer knows or should know is beyond the lawyer's competence unless (2) the advice or assistance of the lawyer is reasonably required in a emergency and

(13)

the lawyer limits the advice and assistance to that
is reasonable necessary in the circumstances.
(b) In representing a client, a lawyer shall not:
(1) neglect a legal matter entrusted to the lawyer;
(c) As used in the Rule neglect signifies inattentiveness
involving a conscious disregard for the responsibility
for the responsibilities owed to a client. (4) While
it is a lawyer duty, when necessary, to challenge the
rectitude of official action, it is also a lawyer duty
to uphold legal process.

Tex. Disc. R. Prof. Conduct. Rule 3-04. Fairness In Adjudicatory
Proceeding
(a) A lawyer shall not: (c) Except as stated in paragraph
(d) in representing a client before tribunal (1) habitually
violate an establish rule of procedure.

Tex. Disc. R. Prof. Conduct. 804 Misconduct
(a) A lawyer shall not: (12) Violate any other laws of
this State relating to the professional conduct of lawyers
and to the practice of law.

• The plaintiff asserts that appt. counsel Mathews failed to
adequately prepare in advance of the bond hearing held on Jan.
10th, 2017 after the plaintiff requested a motion be filed concerning
art. 17.151 relief on Dec. 12th, 2016 (90th day without being indicted)
by investigating and discovering that the plaintiff had not triggered
32. (1-4) safeguards while the plaintiff was detained in the Utah
Co. jail prior to agreeing to file the motion which did not occur
until Dec. 15th, 2016. The discovery of the untriggered safeguards
to be comported too in initiating the entitlement of art. 17.151 relief
as the only applicable exceptions to do so in order to be effective
being fully aware that art. 17.151 would be invoked during the
bond hearing after relating to the judge that the plaintiff had
already been detained 90 days without being indicted as of
Dec. 12th, 2016. To the contrary, during the bond hearing, once
it was related to the judge that the plaintiff had been detained

(14)

107 days without indictment invoking art. 17.151 and thereby requesting the "20,000" bond be reduced to "10,000" or P.R. bond, appt. counsel failed to ensure the judge adhere to the safeguards as untriggered as the only sufficient exceptions and Absent the A.D.A. implementing art. 17.15 (3)(f) factors intentionally after art. 17.151 had already been invoked. Therefore, appt. counsel actions constitute misconduct for neglecting his duty to investigate and discover the untriggered safeguards and litigate to avert art. 17.15 (3)(f) factors from being promulgated against the plaintiff as official policy by the judge as subservient in his decisions to the deny the relief requested from art. 17.151 provision failing to provide the pre-deprivation procedural due process with a breach of duty.

<u>Hale County 64th District Court Judge:</u> Robert Kincaid Jr.

Texas Code of Judicial Conduct: Canon 3

    <u>A.</u> Performing the duties of Judicial Office

      Judicial duties include all duties of the judge's office prescribed by law.

    <u>B. Adjudicative Responsibilities</u>

      <u>(2)</u> A judge should be faithful to the law and shall maintain professional competence.

      <u>(5)</u> A judge shall perform judicial duties without bias or prejudice

      <u>(8)</u> A judge shall accord to every person who has a legal interest in a proceeding the right to be heard according to law. A judge shall require compliance with this subsection by court personnel subject to the judge's control. This subsection does not prohibit:

      <u>(a)</u> communication concerning uncontested administrative matters,

      <u>(10)</u> A judge shall abstain from public comment about a impending proceeding which may come before the judge's court in a manner which suggest to a reasonable person the judge's probable decision on any parti-

cular case. This section does not prohibit judges from making public statements in the course of their official duties or from explaining from public information the procedures of the court. This section does not apply to proceeding in which the judge or judicial candidate is a litigant in a personal capacity.

C. Administrative Responsibilities

(1) A judge should diligently and promptly discharge the judge's administrative responsibilities without bias and prejudice and maintain professional competence in judicial administration.

(2) A judge should require court officials subject to the judge's control to observe the standards of fidelity and diligence that apply to the judge and to refrain from manifesting bias and prejudice in their performance of their official duties.

(4) A judge shall avoid favoritism

(5) A judge shall not fail to comply with Rule 12 of the Rules of Judicial Administration, knowing that the failure to comply is in violation of the rule.

• The plaintiff asserts that when appt. counsel Mathews filed the motion for bond reduction in the 64th Dist. Ct. on Dec. 15th, 2016, judge R. Kinkaid Jr. did not exercise impartially to his motion having merit for art. 17.151 relief prior to being indicted on Dec. 29th, 2016 (14 days) by sharing favoritism adhering to the A.D.A.'s motion for bond increase filed Jan. 4th, 2017 and setting a hearing immediately on Jan. 10th, 2017 (5 days). Due to this established favoritism, judge Kinkaid jr. failed in his duty to ensure appt. counsel Mathews discovered whether §2.(1-4) safeguards had been triggered by the plaintiff deliberately not taking notice that appt. counsel Mathews had filed the motion concerning art. 17.151 relief on Dec. 15th, 2016 in the 64th Dist. Ct. disconcerning to advise him to investigate into the matter prior to setting the bond hearing on Jan. 10th, 2017 After the Court of Appeals (Amarillo) issued it per curiam on Dec. 30th, 2016 faxed

to Judge Kinkaid prior to the motion to increase bond filed by A.D.A. Zirpoli on Jan 4th, 2017, and assist appt. counsel Mathews in the discovery of the untriggered safeguards to be comported too during the bond hearing. Judge Kinkaid, jr. Knew or should have known that it is a breach of duty not ensuring appt. counsel Mathews discovered whether §2, (1-4) safeguards was triggered by the plaintiff after filing the motion for bond reduction on Dec. 15th, 2016 to be comported too procedurally during the bond hearing, nor assisting appt. counsel Mathews by directing him to the discovery if the plaintiff had triggered any of the §2, (1-4) safeguards through a careful cross-examination during the bond hearing which would have resulted to being found untriggered and comported too in initiating the entitlement of the "$20,000" bond being reduced to "$10,000" or P.R. bond to be followed was mandatory for the judge to do so as requested by the plaintiff from art. 17.151 provision to effectuate release and averted the implement of art. 17.15 (3)(f) factor by A.D.A. Zirpoli because art. 17.151 had already been invoked. Therefore, Judge R. Kinkaid, jr. is liable for failing to ensure appt. counsel Mathews perform his duty in providing the pre-deprivation process of initiating the untriggered §2, (1-4) procedural safe-guards for the entitlement of art. 17.151 relief for the plaintiff right to bail having final policy-making authority in Hale County, Texas constituting municipality liability under 42 U.S.C. §1963 as a state actor.

• The plaintiff further asserts that on Jan. 10th, 2017

(17)

during the bond hearing, judge R. Kinkaid, jr. promulgated art. 17.15 (3)(f) factor implemented by A.D.A. Zirpoli as official policy, thats not to be considered verdam, against the plaintiff as subservient in a decision resulting to the relief the plaintiff requested the $20,000⁰⁰ bond be reduced to $10,000⁰⁰ or P.R. bond which was mandatory for judge R. Kinkaid Jr. to follow after art. 17.151 had already been invoked be denied. Judge R. Kinkaid, jr. knew or should have known that it is a breach of duty not to administer A.D.A. Zirpoli that art. 17.15 (3)(f) factor cannot or will not be implemented as subservient to be considered after art. 17.151 has been invoked, to the contrary, promalgated art. 17.15 (3)(f) factor as subservient in his final decision to consider denying the relief requested from art. 17.151 provision after being invoked as an expressed official policy which is thereby unauthorized and unconstitutional. Therefore, judge R. Kinkaid, jr. is liable for not controlling the A.D.A. from implementing art. 17.15 (3)(f) factor after art. 17.151 had been invoked and promulgating art. 17.15 (3)(f) factor as official policy having final policy-making authority in Hale County, Texas constituting municipality liability under 42 U.S.C. §1983 as a state actor.

### D. Disciplinary Responsibilities

(1) A judge having knowledge that another
    judge has committed a violation of this code
    that raises a substantial question as to the
    other judge fitness for office shall inform

(18)

the State Comm. Jud. Conduct or take other appropriate action.

(2). A judge having knowledge that a lawyer has committed a violation of the Tex. Disc. D. Prof. Cond. that raises a substantial question as to the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respect shall inform the office of the Gen. Counsel of the State Bar of TEXAS or take other appropriate action.

## Relief Sought

WHEREFORE, the plaintiff respectfully prays that this Court enter judgment and

1.) Award the plaintiff nominal damages in the amount of $1.00⁰⁰ dollar declaring the defendants acts and omissions described herein violated the plaintiff's right to bail from art. 17.151 provision thats protected under the 14th Amendt. of the U.S. Const.

2.) Award the plaintiff past, present and future compensatory damages in the amount of $1,066,846⁰⁰ dollars against the defendants for the prolonged detention that deprived the plaintiff of his procedural due process right to earn economically from art. 17.151 provision as a C.D.L. owner operator within the time capacity of Jan. 10th, 2017 to July 13th, 2017 while in the custody of Hale County jail jurisdiction.

3.) Award the plaintiff exemplary damages in the amount

(19)

of $2,500,000^{00}$ dollars severally against defendant Hale Co. D.A. Wally Hatch for the A.D.A. misconduct during the bond hearing for implementing art. 17.15 (3)(f) factor after art. 17.151 had been invoked.

<u>4.</u>) Award the plaintiff exemplary damages in the amount of $2,500,000^{00}$ dollars severally against defendant Hale Co. 64th Dist. Ct. judge R. Kinkaid jr. for neglecting his duty to control the A.D.A. misconduct during the bond hearing from implementing art. 17.15 (3)(f) factor after art. 17.151 had been invoked.

<u>5.</u>) Award the plaintiff exemplary damages in the amount of $2,500,000^{00}$ dollars severally against defendant Hale Co. 64th Dist. Ct. judge R. Kinkaid jr. for neglecting his duty to direct appt. counsel Mathews in the discovery of the §2,(1-4) safe-guards as untriggered to initiate the relief requested by plaintiff from art. 17.151 provision after being invoked during the bond hearing, averting art. 17.15 (3)(f) factor.

<u>6.</u>) Award the plaintiff exemplary damages in the amount of $2,500,000^{00}$ dollars severally against defendant Hale Co. 64th Dist. Ct. judge R. Kinkaid jr. for promulgating art. 17.15 (3)(f) factor as subservient in his final decision to deny the relief requested by plaintiff from art. 17.151 provision after being invoked as official policy during bond hearing.

<u>I.</u>) Award the plaintiff punitive damages in the amount of $7,500,000^{00}$ dollars severally and jointly against defendants Hale Co. 64th Dist. Ct. judge R. Kinkaid Jr., Hale Co. D.A. Wally Hatch for their deliberate indifference that deprived the

plaintiff of his right to bail from art. 17.151 provision thats
protected under the 14th Amendt. of the U.S. Const.

8.) Recover all appt. counsel and court fees paid to Hale
County, Texas under cause no. A20335-1612 authorized by
Hale Co. 64th Dist. Ct. judge R.Kinkaid Jr., as a direct
violation of Tex. Code Jud. Conduct Canon 3-C(4) and be
exempt from future payments.

9.) Plaintiff seek a jury trial on all issues triable by
jury.

10.) Plaintiff seek recovery of their cost in this suit.

11.) Any additional relief this Court deem just, proper and
equitable under Title 18 U.S.C. 241 for civil conspiracy.

Mark Dewayne Holley
Pro se representation.

(21)

MARK DEWAYNE HALLCY #2149848
DIBOLL UNIT
1004 S. FIRST ST.
DIBOLL, TEXAS 75941



SHREVEPORT LA 710
MON 07 AUG 2023 PM

RECEIVED
AUG 11 2023
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS



CLERK
UNITED STATES DISTRICT
1205 TEXAS AVENUE, ROOM
LUBBOCK, TEXAS 79L


(Legal Mail)